ROCAFORT, PLAINTIFF AND APPELLANT, v. CANTERO ET AL.,
DEFENDANTS AND APPELLEES.

Appeal from the District Court of San Juan in an Action
of Debt.

No. 2408.—Decided May 27, 1921.

APPEAL—TRANSCRIPT OF RECORD.—If the evidence alleged to have been erroneously
weighed by the trial court is not submitted to the Supreme Court in the
transcript of the record it can not be determined whether the district court
committed such error.

The facts are stated in the opinion.

Mr. Juan de Guzmán Benítez for the appellant.

Messrs. F. de la Torre and J. Martínez Dávila for the
appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Primitivo Rocafort brought an action of debt on a contract
in the District Court of San Juan, Section 2, against Lau-
reano Cantero, Gaspar Font and Successors of Lladó & San-
tana. The action is based on a promissory note for the sum
of $2,000 signed by the defendants in favor of the plaintiff.

The defendants answered admitting the facts alleged in
the complaint, but alleged in defense that the promissory
note in question was subject to the results of civil action No.
10,736 pending in the District Court of San Juan, Section 1,
between Juan Antonio Sobrino and Primitivo Rocafort and
others, in which action those defendants were served by the
marshal with an order of the district court commanding
them to abstain from paying the amount of the promissory
note until further order, and that this fact was known to the
plaintiff before he brought the present action.

The case went to trial. The plaintiff offered no evidence.
The defendants introduced documentary and parole evidence
and the court, finding that the promissory note on which the
action is based was in fact attached by order of another
court, dismissed the complaint on the ground that to attempt

to collect the note now would be to render the said order ineffective, which the court could not and should not do, according to the principle of law which tends to maintain the jurisdiction of the courts and the mutual respect between them in the exercise of jurisdiction.

The plaintiff appealed to this court and the only error assigned by him is that committed by the court, in his opinion, in holding that the promissory note on which this action is based and the note attached in case No. 10,736 of the District Court of San Juan, Section 1, are the same. The court not only so holds in its judgment, but in the opinion it also analyzes the evidence which led it to that conclusion. The appellant maintains that the evidence showed that there were two different notes. In its opinion the trial court says: "The testimony of Laureano Cantero and Gaspar Font tends to show that the same promissory note is involved in both cases. They testified that the promissory note for $2,000 is the result of a prior debt of $4,000 which Successors of Lladó & Santana had contracted; that they signed the note for $2,000 which remained in the possession of plaintiff Primitivo Rocafort; that as some time has elapsed they can not remember the exact date, but that they signed no obligation in favor of the plaintiff except the one copied into the complaint, which is the one attached in the action pending in section 1 of this court. Considering this testimony and the record of action No. 10,736, the court is of the opinion that the promissory note here sought to be collected is the same note for $2,000 subject to the said order of attachment." The appellant argues in his brief that the testimony of Cantero and Font does not show what the trial judge says it does. This court knows nothing of that testimony nor of the record of the case to which the district court refers.

We have, therefore, no basis on which to pass upon the question raised. In the transcript prepared by the appellant himself the evidence is not included and that being the

case, how can we decide that the court erred in weighing the evidence? The opinion of the court is not sufficient. The evidence itself should have been brought up, as has been repeatedly held.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Chief Justice Hernández took no part in the decision of this case.